**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**MINERVA MACIAS HANNA,**
*Individually and on behalf of herself
and others similarly situated,*

    Plaintiff,

          v.                                No. _____

**WREG, LLC,**
*d/b/a* **WREG-TV NEWS CHANNEL 3,**    FLSA Opt-in Collective Action
*a Delaware Limited Liability Company,* and    **JURY DEMANDED**
**NEXSTAR BROADCASTING, INC.,**
*a Delaware Corporation*,

    Defendants.

---

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

---

Minerva Macias Hanna ("Plaintiff"), individually, and on behalf of herself and other similarly situated current and former interpreters/translators, brings this Fair Labor Standards Act ("FLSA") collective action against WREG, LLC doing business as WREG-TV News Channel 3 and Nexstar Broadcasting, Inc. (collectively "Defendants"), and alleges as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages owed to Plaintiff and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendants as interpreters/translators.

2. This lawsuit is also brought against Defendants for breach of contract under the laws of the State of Tennessee, to recover unpaid contractual wages owed to Plaintiff and other similarly situated current and former interpreters/translators who are members of a putative FLSA class as defined herein and currently or previously employed by Defendants.

## II.     JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court further has jurisdiction over the breach of contract claims under 28 U.S.C § 1367 because the claims that are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this district at all times relevant to this action, Defendants regularly conducted and continue to conduct business in this district, and have engaged and continue to engage in the wrongful conduct alleged herein in this district during all material times in this cause.

## III.     CLASS DESCRIPTION

5. Plaintiff brings this FLSA collective action on behalf of the following similarly situated persons:

> All current and former "interpreters/translators" employed by Defendants at WREG any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and

who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively "the class").[1]

## IV.    PARTIES

6. WREG, LLC doing business as WREG-TV News Channel 3 ("WREG") is a television station and the CBS affiliate for the Memphis, Tennessee market.  WREG has been an "employer" of Plaintiff and similarly situated interpreters, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. WREG's principal place of business is located at 803 Channel 3 Drive, Memphis, Shelby County, Tennessee 38103-4603. WREG can be served process through its registered agent: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312. Upon information and belief, WREG is a wholly owned subsidiary of Defendant Nexstar Broadcasting, Inc.

7. Upon information and belief, Nexstar Broadcasting, Inc. ("Nexstar") recently purchased WREG from Tribune Media.  Nexstar along with WREG have been an "employer" of Plaintiff and similarly situated interpreters/translators, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. Nexstar's principal place of business is located at 545 E John Carpenter Freeway, Suite 700, Irving, Texas 75062-3932. Nexstar can be served process through its registered agent: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

8. Plaintiff was employed by Defendants for over fourteen (14) years as an interpreter in this district during the relevant period herein. (Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*).

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## V.  FLSA COLLECTIVE ACTION ALLEGATIONS

9. Defendants own and operate a television station, WREG the CBS affiliate for the Memphis, Tennessee market.

10. Defendants employed interpreters and translators that translated the nightly news from English to Spanish and performed voice-overs, among other things.

11. Defendants canceled the Spanish interpretation of the nightly news cast on December 27, 2019.

12. To date the Defendants have failed to pay Plaintiff and the Class for the previous six (6) weeks of work starting back from December 27, 2019.

13. Defendants have also misclassified Plaintiff and the Class as independent contractors when they are actually employees.

14. Defendants pay Plaintiff and the Class by the day or a "day rate" for their work.

15. Plaintiff and the Class perform all aspects of their work at the news station located at 803 Channel 3 Drive in Memphis, Tennessee.

16. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Collective Action Complaint.

17. Defendants employed Plaintiff and the Class and were responsible for setting and administering wage and compensation policies related to them during the relevant period of time in question.

18. Upon information and belief, the decisions regarding the compensation of Plaintiff and other members of the Class and, other terms of employment, were made through a centralized management of Defendants' Headquarters located in Irving, Texas, under the direction and control of their executives, officers and human resources personnel.

19. Specifically, Defendants have suffered and permitted Plaintiff and members of the Class to perform work for Defendants and then fail to compensate them all together.

20. At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, who worked for Defendants at WREG within three (3) years preceding the filing of this lawsuit.

21. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

22. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and its employees are engaged in interstate commerce.

23. The net effect of Defendants' aforementioned practice of failing to compensate Plaintiff and the Class the applicable FLSA minimum wage and misclassifying Plaintiff and the Class as independent contractors is nothing more than a scheme in order to save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA and, thereby have enjoyed ill-gained profits at the expense of Plaintiff and the Class.

24. Therefore, Plaintiff and others similarly situated are entitled and, hereby seek, to a recovery of back pay, liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendants for all such aforementioned time that is available under the FLSA as it relates to minimum wage, misclassification and for breach of contract.

## VI.    BREACH OF CONTRACT ALLEGATIONS

25. Defendants employee interpreters/translators, such as Plaintiff and members of the putative class, and erroneously classify them as independent contractors.

26. Defendants promised Plaintiff and other putative class members that they would be compensated a "day rate" for their work.

27. As explained above, Defendants failed to compensate Plaintiff and putative class members this "day rate" for at least the previous 6 weeks of employment prior to the cancellation of the translated broadcast.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE
**(On Behalf of the Class)**

28. Plaintiff, on behalf of herself and other members of the class, repeat and re-allege Paragraphs 1 through 27 above as if they were fully set forth herein.

29. At all times relevant herein, Defendants have been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

30. Pursuant to Defendants' uniform compensation policies and the aforementioned allegations, they have failed to pay Plaintiffs and other members of the class the applicable minimum wage rate as required by the FLSA.

31. Because of Defendants' failure to pay Plaintiffs and other members of the class for the aforementioned unpaid worktime, Plaintiff and other members of the class have not received compensation equal to the applicable minimum wage rate of pay as required by the FLSA.

32. At all times relevant, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiff and members of the class at least the required minimum wage rate of $7.25 an hour results in Plaintiff and Class Members' claims being unified through common theories of Defendants' FLSA violations.

33. At all times relevant, Defendants have acted without a good faith basis and, have had actual knowledge, of willfully refusing to pay Plaintiff and other members for all the applicable FLSA minimum wages they are entitled to.

34. As a result of Defendants' willful failure to compensate Plaintiff and other members of the class for at least the applicable minimum wage rate, it has violated and continues to violate the FLSA.

35. Plaintiff and the other members of the class are therefore entitled, and hereby seek, to recover compensation for unpaid minimum wages at an hourly rate required by the FLSA, plus applicable overtime compensation and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

## COUNT II
## BREACH OF CONTRACT
### (On Behalf of the FLSA Class)

36. Plaintiff asserts class breach of contract claims because Defendants entered into valid and enforceable contracts with her and with each member of the putative FLSA class, pursuant to which Defendants were to pay a specified day rate. Plaintiff further asserts that she and the Putative Class Members duly performed as agreed, but that Defendants breached the contract by failing to compensate them at all.

37. In the alternative to the breach of contract class claims, Plaintiff asserts a quantum meruit/unjust enrichment claim that she and each member of the proposed FLSA class provided valuable services to Defendants, that Defendants accepted those services, and that Defendants had reasonable notice that class members expected to be compensated for their services furnished to Defendants. The reasonable value of the services provided and not paid

for by Defendants with respect to the FLSA class is the difference between the difference between the minimum wage they are owed under the FLSA and the day rate wage they are entitled to for each day pf work performed for Defendants.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of himself and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims;

B. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

C. An award of compensation for unpaid minimum wages to Plaintiff and other members of the class at the applicable minimum wage rate as required by the FLSA;

D. An award of all contractually agreed to unpaid wages;

E. An award of liquidated damages to Plaintiff and other members of the class;

F. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

G. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees to Plaintiff and other members of the class;

H. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

I. Such other general and specific relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated:  January 8, 2020.                         Respectfully Submitted,

*s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR # 35364)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*

*Attorneys for the Named Plaintiff, on behalf of herself and all other similarly situated current and former individuals*